**MINUTE ENTRY**
**KNOWLES, M.J.**
**OCTOBER 22, 2014**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIE C. NEAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1671** |
| **INTERNATIONAL OFFSHORE SERVICES, INC.** | **DIVISION "3"** |

On this date, Plaintiff's Motion in Limine Re: Income Tax Returns [Doc. #74] came on for oral hearing before the undersigned.  Present were George Vourvoulias on behalf of plaintiff Willie C. Neal and Kirby Blanchard on behalf of defendant.  For the reasons stated on the record and those outlined below,

**IT IS ORDERED** that Plaintiff's Motion in Limine Re: Income Tax Returns [Doc. #74] is DENIED.

The complaint alleges as follows.  At the end of 2011 or the beginning of 2012, plaintiff Willie C. Neal injured himself in the course and cope of his employment when he fell while negotiating an unreasonably awkward space.  He sues defendant under the Jones Act and the general maritime law for unseaworthiness, maintenance, cure, and wages.

Neal notes that he recently filed his tax returns for the years 2004 through 2012.  He argues

MJSTAR(00:06)

that the timing of the filing of his returns is not relevant to any issue, and it is more prejudicial than probative under Federal Rule of Evidence 403.  Neal asks the Court to preclude defendant from referring to the timing of the filing of his tax returns.

Defendant asks the Court to deny the motion because Neal has made his character for truthfulness an issue.  Citing case law, defendant contends that the failure to file tax returns when required to do so by law is relevant to the honesty and truthfulness of a plaintiff.  Many courts, it notes, have held that the failure to file tax returns is admissible for the purpose of attacking a witness's credibility.

Defendant maintains that Neal's credibility and character for truthfulness are at issue in this lawsuit because his testimony and account of the events are contradicted by others.  His deposition testimony also contradicts the incident report that he signed.

In *Reed v. Tokio Marine & Nichido Fire Insurance Co. Ltd.*, the court stated:

> Plaintiffs seek to exclude evidence that they did not file tax returns for the years 2004 through 2008 on the grounds that this constitutes prohibited character evidence under Rule 404(b) of the Federal Rules of Evidence. Plaintiffs add that, for several of the years at issue, Claude Reed was not required to file a return because he did not earn enough money. Defendants argue, however, that Claude Reed's failure to file tax returns is probative of his character for truthfulness, and thus, is admissible pursuant to Rule 608(b). Indeed, the Fifth Circuit has recognized that Rule 404(b) does not apply to evidence that is used for impeachment purposes. *United States v. Bustamente*, 45 F.3d 933, 945 (5th Cir. 1995) (citation omitted). Moreover, although Rule 404(a) generally excludes evidence of a person's character "for the purpose of proving action in conformity therewith on a particular occasion," it authorizes an exception for evidence of a witness's character, as provided in Rules 607-609. Fed. R. Evid. 404(a)(3). Under Rule 608,
>> [s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, . . . may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness

> being cross-examined has testified . . . .
>
> Fed. R. Evid. 608(b).
>
> The Fifth Circuit has held that the failure to report income is relevant to the issue of honesty. *Bustamante*, *supra*. Similarly, other circuits have found that the failure to file tax returns is admissible for the purpose of attacking a witness's credibility, subject to the discretionary considerations contained in Rule 403. *Chnapkova v. Koh*, 985 F.2d 79, 82-83 (2nd Cir. 1993); *United States v. Hatchett*, 918 F.2d 631, 641 (6th Cir. 1990); and *Gaillard v. Jim's Water Service, Inc.*, 535 F.3d 771, 778-779 (8th Cir. 2008).

Civ. A. No. 09-0676, 2010 WL 2560487, *2 (W.D. La. June 24, 2010); *see also United States v. Bustamente*, 45 F.3d 933, 946 (5th Cir. 1995) ("Both the failure to report income and the solicitation of bribes are relevant to the issue of honesty.").

This Court agrees.  Accordingly, because Neal's credibility and honesty will be placed in issue at trial, his failure to file tax returns for eight years is admissible for the purpose of attacking his credibility.  Such evidence is probative of Neal's truthfulness and untruthfulness.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**