UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE C. NEAL | CIVIL ACTION |
| VERSUS | NO. 12-1671 |
| INTERNATIONAL MARINE, L.L.C. | DIVISION "3" |

**COURT'S INSTRUCTIONS FOR JURY**

MEMBERS OF THE JURY:

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE. IT IS YOUR DUTY TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU. YOU MUST APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

**DUTY OF IMPARTIALITY**

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. THAT WAS THE OATH YOU TOOK BEFORE BEING ACCEPTED BY

THE PARTIES AS JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. A CORPORATION OR POLITICAL ENTITY HAS THE SAME RIGHT TO A FAIR TRIAL AS DOES A PRIVATE INDIVIDUAL. ALL PERSONS, CORPORATIONS, POLITICAL SUBDIVISIONS, OR OTHER ENTITIES STAND EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN THE COURT OF JUSTICE.

**CONSIDERATION OF THE EVIDENCE**

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE EXHIBITS ADMITTED IN THE RECORD AND THE SWORN TESTIMONY OF THE WITNESSES.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE, NOR ARE THEY INSTRUCTIONS ON THE LAW. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES. THUS, THE LAWYERS' STATEMENTS AND ARGUMENTS ARE INTENDED ONLY TO ASSIST YOU IN UNDERSTANDING THE EVIDENCE AND THE PARTIES' CONTENTIONS. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF

THE EVIDENCE THAT CONTROLS. WHAT THE LAWYERS SAY IS NOT BINDING ON YOU.

DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH HE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION AS TO THE FACTS. EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS. AFTER ALL, YOU ALONE ARE THE JUDGES OF THE FACTS.

**WEIGHT OF THE EVIDENCE**

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS BASED ON REASON AND COMMON SENSE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

THERE ARE TWO TYPES OF EVIDENCE YOU MAY CONSIDER. ONE IS DIRECT EVIDENCE — SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE — THE PROOF OF CIRCUMSTANCES THAT TEND TO PROVE OR DISPROVE THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE – BOTH DIRECT AND CIRCUMSTANTIAL.

**CREDIBILITY OF WITNESSES**

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT, OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING THAT WAS DIFFERENT FROM THE TESTIMONY HE OR SHE GAVE AT THE TRIAL.

YOU SHOULD REMEMBER THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH. PEOPLE MAY TEND TO FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. THUS, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS SIMPLY AN INNOCENT LAPSE OF MEMORY OR AN INTENTIONAL FALSEHOOD, AND THAT MAY DEPEND ON WHETHER

IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

**EXPERT TESTIMONY**

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD -- CALLED AN EXPERT WITNESS -- IS PERMITTED TO STATE AN OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

**DEPOSITION TESTIMONY**

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU DURING THE COURSE OF THE TRIAL THROUGH A DEPOSITION. A DEPOSITION IS THE SWORN, RECORDED ANSWERS TO QUESTIONS ASKED A WITNESS IN ADVANCE OF THE TRIAL. UNDER SOME CIRCUMSTANCES, IF A WITNESS CANNOT BE PRESENT TO TESTIFY FROM THE WITNESS STAND, THAT WITNESS' TESTIMONY MAY BE PRESENTED, UNDER OATH, IN THE FORM OF A DEPOSITION. THIS DEPOSITION TESTIMONY IS ENTITLED TO THE SAME CONSIDERATION, IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND IS TO BE WEIGHED AND OTHERWISE CONSIDERED BY YOU, IN THE SAME WAY, INSOFAR AS THAT IS POSSIBLE, AS IF THE WITNESS HAD BEEN PRESENT IN COURT AND HAD TESTIFIED FROM THE WITNESS STAND.

**OBJECTIONS TO THE EVIDENCE**

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU THE JURY ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER.

**BURDEN OF PROOF**

IN A CIVIL ACTION, THE PLAINTIFF, WHO HERE IS WILLIE C. NEAL, HAS THE BURDEN OF PROVING EVERY ESSENTIAL ELEMENT OF HIS CLAIM AGAINST THE DEFENDANT BY A "PREPONDERANCE OF THE EVIDENCE." IN OTHER WORDS, THE

PLAINTIFF MUST PROVE THAT EVERY ESSENTIAL ELEMENT IS MORE LIKELY TRUE THAN NOT TRUE.

IN DETERMINING WHETHER A FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE TESTIMONY OF ALL THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL THE EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED OR INTRODUCED THEM. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF THE PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

SIMILARLY, IF YOU ARE INSTRUCTED THAT THE DEFENDANT, WHO HERE IS INTERNATIONAL MARINE, L.L.C. ("INTERNATIONAL MARINE"), BEARS THE BURDEN OF PROVING A PARTICULAR CLAIM OR DEFENSE, BY A PREPONDERANCE OF THE EVIDENCE, AND THE DEFENDANT'S PROOF FAILS TO ESTABLISH ANY ESSENTIAL ELEMENT OF THAT CLAIM OR DEFENSE, YOU SHOULD FIND FOR PLAINTIFF AS TO THAT CLAIM OR DEFENSE.

## INTRODUCTION TO THE SUBSTANTIVE LAW

AS YOU ALREADY HAVE BEEN TOLD, THE PLAINTIFF, WILLIE C. NEAL, AND THE DEFENDANT, INTERNATIONAL MARINE, HAVE STIPULATED THAT:

1. INTERNATIONAL MARINE WAS AT ALL TIME THE OWNER AND OPERATOR OF THE M/V INT'L TEAM.

2. WILLIE C. NEAL WAS AT ALL MATERIAL TIMES AN ENGINEER ASSIGNED TO THE M/V INT'L TEAM.

3. INTERNATIONAL MARINE WAS AT ALL TIMES MATERIAL A LIMITED LIABILITY COMPANY DOING BUSINESS WITHIN THE JURISDICTION OF THE COURT.

4. THAT AN ACCIDENT INVOLVING WILLIE C. NEAL OCCURRED ON DECEMBER 16, 2011 WHILE HE WAS WORKING AS AN ENGINEER ON THE M/V INT'L TEAM.

STIPULATIONS SUCH AS THESE REFLECT AN AGREEMENT BY THE PARTIES AS TO SOMETHING BEING A FACT. THUS, THEY ARE TO BE ACCEPTED BY YOU AS BEING TRUE.

IN THIS LAWSUIT, THE PLAINTIFF IS SEEKING TO RECOVER AN AWARD OF MONETARY DAMAGES FROM THE DEFENDANT AS COMPENSATION FOR INJURIES THAT HE ALLEGEDLY SUFFERED AS A RESULT OF THE DECEMBER 16, 2011 ACCIDENT. SPECIFICALLY, THE PLAINTIFF CLAIMS THAT HE INJURED HIMSELF WHEN HE EXITED THE MECHANICAL DECK/CRAWLSPACE, FALLING BACKWARDS AND STRIKING AND INJURING HIS HEAD, NECK, AND BACK ON THE STAIRS BELOW.

PLAINTIFF IS ASSERTING TWO SEPARATE CLAIMS AGAINST DEFENDANT. PLAINTIFF'S FIRST CLAIM, UNDER THE FEDERAL LAW KNOWN AS THE JONES ACT, IS THAT HIS EMPLOYER WAS NEGLIGENT, AND THAT THIS NEGLIGENCE WAS A CAUSE OF HIS INJURIES. PLAINTIFF'S SECOND CLAIM IS THAT THE UNSEAWORTHINESS OF A VESSEL CAUSED HIS INJURIES.

YOU MUST CONSIDER EACH OF THESE CLAIMS SEPARATELY. PLAINTIFF IS NOT REQUIRED TO PROVE ALL OF THESE CLAIMS. HE MAY RECOVER IF HE PROVES ANY ONE OF THEM. HOWEVER, HE MAY RECOVER ONLY THOSE DAMAGES OR

BENEFITS THE LAW PROVIDES FOR THE CLAIMS THAT HE PROVES, AND HE MAY NOT RECOVER THE SAME DAMAGES OR BENEFITS MORE THAN ONCE.

**JONES ACT - NEGLIGENCE**

UNDER THE JONES ACT, PLAINTIFF MUST PROVE THAT HIS EMPLOYER WAS NEGLIGENT. NEGLIGENCE IS DOING AN ACT THAT A REASONABLY PRUDENT PERSON WOULD NOT DO, OR FAILING TO DO SOMETHING THAT A REASONABLY PRUDENT PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES. THE OCCURRENCE OF AN ACCIDENT, STANDING ALONE, DOES NOT MEAN THAT ANYONE WAS NEGLIGENT OR THAT ANYONE'S NEGLIGENCE CAUSED THE ACCIDENT.

IN A JONES ACT CLAIM, THE WORD "NEGLIGENCE" IS LIBERALLY INTERPRETED. IT INCLUDES ANY BREACH OF DUTY THAT AN EMPLOYER OWES TO ITS EMPLOYEES WHO ARE SEAMEN, INCLUDING THE DUTY OF PROVIDING FOR THE SAFETY OF THE CREW. UNDER THE JONES ACT, IF THE EMPLOYER'S NEGLIGENT ACT WAS THE CAUSE, IN WHOLE OR IN PART, OF INJURY TO A SEAMAN EMPLOYEE, THEN YOU MUST FIND THAT THE EMPLOYER IS LIABLE UNDER THE JONES ACT. IN OTHER WORDS, UNDER THE JONES ACT, DEFENDANT BEARS THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING PLAINTIFF'S INJURY.

NEGLIGENCE UNDER THE JONES ACT MAY CONSIST OF A FAILURE TO COMPLY WITH A DUTY REQUIRED BY LAW. EMPLOYERS OF SEAMEN HAVE A DUTY TO PROVIDE THEIR EMPLOYEES WITH A REASONABLY SAFE PLACE TO WORK. IF YOU FIND THAT PLAINTIFF WAS INJURED BECAUSE DEFENDANT FAILED TO

FURNISH HIM WITH A REASONABLY SAFE PLACE TO WORK, AND THAT PLAINTIFF'S WORKING CONDITIONS COULD HAVE BEEN MADE SAFE THROUGH THE EXERCISE OF REASONABLE CARE, THEN YOU MUST FIND THAT DEFENDANT WAS NEGLIGENT.

A SEAMAN'S EMPLOYER IS LEGALLY RESPONSIBLE FOR THE NEGLIGENCE OF ONE OF ITS EMPLOYEES WHILE THAT EMPLOYEE IS ACTING WITHIN THE COURSE AND SCOPE OF HIS EMPLOYMENT.

IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT DEFENDANT ASSIGNED PLAINTIFF TO PERFORM A TASK THAT THE PLAINTIFF WAS NOT ADEQUATELY TRAINED TO PERFORM, YOU MUST FIND THAT DEFENDANT WAS NEGLIGENT.

**UNSEAWORTHINESS**

PLAINTIFF SEEKS DAMAGES FOR PERSONAL INJURY THAT HE CLAIMS WAS CAUSED BY THE UNSEAWORTHINESS OF DEFENDANT'S VESSEL, THE M/V INT'L TEAM.

A SHIPOWNER OWES EVERY MEMBER OF THE CREW EMPLOYED ON ITS VESSEL THE ABSOLUTE DUTY TO KEEP AND MAINTAIN THE VESSEL AND ALL ITS DECKS AND PASSAGEWAYS, APPLIANCES, GEAR, TOOLS, PARTS AND EQUIPMENT IN A SEAWORTHY CONDITION AT ALL TIMES.

A SEAWORTHY VESSEL IS ONE THAT IS REASONABLY FIT FOR ITS INTENDED USE. THE DUTY TO PROVIDE A SEAWORTHY VESSEL IS ABSOLUTE BECAUSE THE OWNER MAY NOT DELEGATE THAT DUTY TO ANYONE. LIABILITY FOR AN UNSEAWORTHY CONDITION DOES NOT IN ANY WAY DEPEND ON NEGLIGENCE OR

FAULT OR BLAME. IF AN OWNER DOES NOT PROVIDE A SEAWORTHY VESSEL – A VESSEL THAT IS REASONABLY FIT FOR ITS INTENDED USE – NO AMOUNT OF CARE OR PRUDENCE EXCUSES THE OWNER.

THE DUTY TO PROVIDE A SEAWORTHY VESSEL INCLUDES THE DUTY TO SUPPLY AN ADEQUATE AND COMPETENT CREW. A VESSEL MAY BE UNSEAWORTHY EVEN THOUGH IT HAS A NUMERICALLY ADEQUATE CREW, IF TOO FEW PERSONS ARE ASSIGNED TO A GIVEN TASK.

HOWEVER, THE VESSEL OWNER IS NOT REQUIRED TO FURNISH AN ACCIDENT-FREE SHIP. IT NEED ONLY FURNISH A VESSEL AND APPURTENANCES THAT ARE REASONABLY FIT FOR THE INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE FOR THE ASSIGNED TASKS.

THE VESSEL OWNER IS NOT REQUIRED TO PROVIDE THE BEST APPLIANCES AND EQUIPMENT, OR THE FINEST CREWS, ON ITS VESSEL. IT IS REQUIRED TO PROVIDE ONLY GEAR THAT IS REASONABLY PROPER AND SUITABLE FOR ITS INTENDED USE AND A CREW THAT IS REASONABLY ADEQUATE.

IN SUMMARY, IF YOU FIND THAT THE VESSEL WAS IN ANY MANNER UNFIT UNDER THE LAW AS I HAVE EXPLAINED IT TO YOU AND THAT THIS WAS A PROXIMATE CAUSE OF THE INJURY, A TERM I WILL EXPLAIN TO YOU, THEN YOU MAY FIND THAT THE VESSEL WAS UNSEAWORTHY AND THE VESSEL OWNER LIABLE, WITHOUT CONSIDERING ANY NEGLIGENCE ON THE PART OF THE VESSEL OWNER OR ANY OF ITS EMPLOYEES.

HOWEVER, IF YOU FIND THAT THE OWNER HAD A CAPABLE CREW, AND HAD APPLIANCES AND GEAR THAT WERE SAFE AND SUITABLE FOR THEIR INTENDED USE, THEN THE VESSEL WAS NOT UNSEAWORTHY AND DEFENDANT IS NOT LIABLE TO PLAINTIFF ON THE CLAIM OF UNSEAWORTHINESS.

**CAUSATION**

NOT EVERY INJURY THAT FOLLOWS AN ACCIDENT NECESSARILY RESULTS FROM IT. THE ACCIDENT MUST BE THE CAUSE OF THE INJURY.

IN DETERMINING CAUSATION, DIFFERENT RULES APPLY TO THE JONES ACT CLAIM AND TO THE UNSEAWORTHINESS CLAIM.

UNDER THE JONES ACT, FOR BOTH THE EMPLOYER'S NEGLIGENCE AND THE SEAMAN'S CONTRIBUTORY NEGLIGENCE, AN INJURY OR DAMAGE IS CONSIDERED CAUSED BY AN ACT OR FAILURE TO ACT IF THE ACT OR OMISSION BROUGHT ABOUT OR ACTUALLY CAUSED THE INJURY OR DAMAGE, IN WHOLE OR IN PART. IN OTHER WORDS, UNDER THE JONES ACT, A DEFENDANT AND A PLAINTIFF EACH BEAR THE RESPONSIBILITY FOR ANY NEGLIGENCE THAT PLAYED A PART, HOWEVER SLIGHT, IN CAUSING THE PLAINTIFF'S INJURY.

FOR THE UNSEAWORTHINESS CLAIM, THE SEAMAN MUST SHOW NOT MERELY THAT THE UNSEAWORTHY CONDITION WAS A CAUSE OF THE INJURY, BUT THAT SUCH CONDITION WAS A PROXIMATE CAUSE OF THE INJURY. THIS MEANS THAT PLAINTIFF MUST SHOW THAT THE CONDITION IN QUESTION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING HIS INJURY, AND

THAT THE INJURY WAS EITHER A DIRECT RESULT OR A REASONABLY PROBABLE CONSEQUENCE OF THE CONDITION.

**CONTRIBUTORY NEGLIGENCE**

DEFENDANT CONTENDS THAT PLAINTIFF WAS NEGLIGENT AND THAT PLAINTIFF'S NEGLIGENCE CAUSED OR CONTRIBUTED TO CAUSING HIS INJURY. THIS IS THE DEFENSE OF CONTRIBUTORY NEGLIGENCE. PLAINTIFF'S NEGLIGENCE WILL BE CONSIDERED A CAUSE OF THE INJURY IF IT PLAYED A PART – NO MATTER HOW SLIGHT – IN BRINGING ABOUT HIS INJURY. DEFENDANT HAS THE BURDEN OF PROVING THAT PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT. IF PLAINTIFF'S NEGLIGENCE CONTRIBUTED TO HIS INJURY, HE MAY STILL RECOVER DAMAGES, BUT THE AMOUNT OF HIS RECOVERY WILL BE REDUCED BY THE EXTENT OF HIS CONTRIBUTORY NEGLIGENCE.

A SEAMAN IS OBLIGATED UNDER THE JONES ACT TO ACT WITH ORDINARY PRUDENCE UNDER THE CIRCUMSTANCES. THE CIRCUMSTANCES OF A SEAMAN'S EMPLOYMENT INCLUDE NOT ONLY HIS RELIANCE ON HIS EMPLOYER TO PROVIDE A SAFE WORK ENVIRONMENT, BUT ALSO HIS OWN EXPERIENCE, TRAINING AND EDUCATION. UNDER THE JONES ACT, A SEAMAN HAS THE DUTY TO EXERCISE THAT DEGREE OF CARE FOR HIS OWN SAFETY THAT A REASONABLE SEAMAN WOULD EXERCISE IN LIKE CIRCUMSTANCES.

**ASSIGNING PERCENTAGES OF FAULT**

BECAUSE THE DEFENDANT CONTENDS THAT THERE ARE MULTIPLE PERSONS ALLEGED TO BE LEGALLY RESPONSIBLE FOR ANY INJURIES SUFFERED BY THE

PLAINTIFF AS A RESULT OF THE DECEMBER 16, 2011 ACCIDENT, I.E., THE PLAINTIFF AND/OR ITSELF, YOU MUST ASSIGN THE PERCENTAGE OF FAULT, IF ANY, OF EACH RESPONSIBLE PERSON. YOU WILL ASSIGN A PERCENTAGE OF FAULT ONLY IF YOU FIND THAT PLAINTIFF SUFFERED AN INJURY AS OUTLINED ABOVE. YOU WILL DO THIS IN THE APPROPRIATE BLANKS ON THE SPECIAL VERDICT FORM THAT I WILL GIVE YOU, IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED ON THAT FORM. AS THAT FORM INSTRUCTS, YOU WILL NOT MAKE ANY REDUCTION IN THE AMOUNT OF DAMAGES, IF ANY, THAT YOU AWARD TO THE PLAINTIFF, IF YOU FIND THAT THE DECEMBER 16, 2011 ACCIDENT OCCURRED, IN PART, BECAUSE OF PLAINTIFF'S OWN FAULT. RATHER, THE COURT WILL REDUCE ANY DAMAGES THAT YOU AWARD BY THE PERCENTAGE OF FAULT IF ANY, THAT YOU ASSIGN TO THE PLAINTIFF.

**DAMAGES**

IF YOU FIND THAT DEFENDANT IS LIABLE, YOU MUST AWARD THE AMOUNT THAT YOU FIND BY A PREPONDERANCE OF THE EVIDENCE IS FULL AND JUST COMPENSATION FOR ALL OF PLAINTIFF'S DAMAGES. YOU SHOULD NOT INTERPRET THE FACT THAT I HAVE GIVEN INSTRUCTIONS ABOUT THE PLAINTIFF'S DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE. IT IS YOUR TASK FIRST TO DECIDE WHETHER THE DEFENDANT IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT THE DEFENDANT IS LIABLE AND THAT THE PLAINTIFF IS ENTITLED TO RECOVER MONEY FROM THE DEFENDANT.

COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AGAINST A PARTY. SUCH DAMAGES CAN NOT BE BASED ON SPECULATION, BECAUSE COMPENSATORY DAMAGES MUST BE ACTUAL DAMAGES TO BE RECOVERABLE. BUT COMPENSATORY DAMAGES ARE NOT RESTRICTED TO OUT-OF-POCKET LOSSES OF MONEY OR LOST TIME. INSTEAD, COMPENSATORY DAMAGES MAY INCLUDE MENTAL AND PHYSICAL ASPECTS OF INJURY, TANGIBLE AND INTANGIBLE. COMPENSATORY DAMAGES ARE INTENDED TO MAKE PLAINTIFF WHOLE, OR TO RESTORE HIM TO THE POSITION THAT HE WOULD HAVE BEEN IN IF THE ACCIDENT HAD NOT HAPPENED.

IN DETERMINING COMPENSATORY DAMAGES, YOU SHOULD CONSIDER ONLY THE FOLLOWING ELEMENTS, TO THE EXTENT THAT YOU FIND THAT PLAINTIFF HAS ESTABLISHED THEM BY A PREPONDERANCE OF THE EVIDENCE: PAST AND FUTURE PHYSICAL PAIN AND SUFFERING, INCLUDING PHYSICAL DISABILITY, IMPAIRMENT, AND INCONVENIENCE, AND THE EFFECT OF PLAINTIFF'S INJURIES AND INCONVENIENCE ON THE NORMAL PURSUITS AND PLEASURES OF LIFE; PAST AND FUTURE MENTAL ANGUISH AND FEELINGS OF ECONOMIC INSECURITY CAUSED BY DISABILITY; INCOME LOSS IN THE PAST; IMPAIRMENT OF EARNING CAPACITY OR ABILITY IN THE FUTURE, INCLUDING IMPAIRMENT OF PLAINTIFF'S EARNING CAPACITY DUE TO HIS PHYSICAL CONDITION; AND THE REASONABLE VALUE, NOT EXCEEDING ACTUAL COST TO PLAINTIFF, OF MEDICAL CARE THAT YOU FIND FROM THE EVIDENCE WILL BE REASONABLY CERTAIN TO BE REQUIRED IN THE FUTURE AS A PROXIMATE RESULT OF THE INJURY IN QUESTION.

IF YOU FIND THAT PLAINTIFF IS ENTITLED TO AN AWARD OF DAMAGES FOR LOSS OF PAST OR FUTURE EARNINGS, THERE ARE TWO PARTICULAR FACTORS YOU MUST CONSIDER. FIRST, YOU SHOULD CONSIDER LOSS AFTER INCOME TAXES; THAT IS YOU SHOULD DETERMINE THE ACTUAL OR NET INCOME THAT PLAINTIFF HAS LOST OR WILL LOSE, TAKING INTO CONSIDERATION THAT ANY PAST OR FUTURE EARNINGS WOULD BE SUBJECT TO INCOME TAXES. YOU MUST AWARD THE PLAINTIFF ONLY HIS NET EARNINGS AFTER TAX. THIS IS SO BECAUSE ANY AWARD YOU MAY MAKE HERE IS NOT SUBJECT TO INCOME TAX. THE FEDERAL OR STATE GOVERNMENT WILL NOT TAX ANY AMOUNT THAT YOU AWARD ON THIS BASIS.

SECOND, AN AMOUNT TO COVER A FUTURE LOSS OF EARNINGS IS MORE VALUABLE TO PLAINTIFF IF HE RECEIVED THE AMOUNT TODAY THAN IF HE RECEIVED THE SAME AMOUNT IN THE FUTURE. IF YOU DECIDE TO AWARD PLAINTIFF AN AMOUNT FOR LOST FUTURE EARNINGS, YOU MUST DISCOUNT THAT AMOUNT TO PRESENT VALUE BY CONSIDERING WHAT RETURN WOULD BE REALIZED ON A RELATIVELY RISK-FREE INVESTMENT AND DEDUCTING THAT AMOUNT FROM THE GROSS FUTURE EARNING AWARD.

HOWEVER, SOME OF THESE DAMAGES, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING ARE INTANGIBLE THINGS ABOUT WHICH NO EVIDENCE OF VALUE IS REQUIRED. IN AWARDING THESE DAMAGES, YOU ARE NOT DETERMINING VALUE, INSTEAD DETERMINING WHAT AMOUNT WILL FAIRLY COMPENSATE PLAINTIFF FOR HIS INJURIES.

IF IT IS ESTABLISHED THAT THE PLAINTIFF HAD A PRE-EXISTING CONDITION AT THE TIME HE WAS INJURED, YOU MAY AWARD DAMAGES FOR ANY AGGRAVATION OF THAT PRE-EXISTING CONDITION, OR ACTIVATION OF ANY SUCH LATENT CONDITION, RESULTING FROM PHYSICAL INJURY TO THE PLAINTIFF. IF YOU FIND THAT THERE WAS SUCH AN AGGRAVATION, YOU SHOULD DETERMINE, IF YOU CAN, WHAT PORTION OF THE PLAINTIFF'S CONDITION RESULTED FROM THE AGGRAVATION, AND MAKE ALLOWANCE IN YOUR VERDICT ONLY FOR THE AGGRAVATION. IN OTHER WORDS, THE PLAINTIFF IS ENTITLED TO BE COMPENSATED ONLY FOR THE DAMAGES ACTUALLY CAUSED, IN WHOLE OR IN PART, BY ANY NEGLIGENCE BY DEFENDANT.

A PERSON WHO SEEKS TO RECOVER COMPENSATORY DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE – THAT IS, TO AVOID OR MINIMIZE – THOSE DAMAGES.

IF YOU FIND THAT A DEFENDANT IS LIABLE AND THE PLAINTIFF HAS SUFFERED DAMAGES, THE PLAINTIFF MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIS RECOVERY FOR THOSE DAMAGES WHICH HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER THE PLAINTIFF ACTED REASONABLY

IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES. THE DEFENDANT HAS THE BURDEN OF PROVING THE DAMAGES WHICH THE PLAINTIFF COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANT HAS SATISFIED ITS BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

I WILL NOW READ THE JURY VERDICT FORM TO YOU.

**[READ JURY VERDICT FORM]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THESE INSTRUCTIONS AND THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE WITH YOU. THEN SELECT YOUR FOREPERSON AND BEGIN YOUR DELIBERATIONS.

AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME. YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS,

THE FOREPERSON SHOULD PREPARE A WRITTEN MESSAGE OR QUESTION AND GIVE IT TO THE COURT SECURITY OFFICER, WHO WILL BRING IT TO ME. I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURT TO RESPOND TO YOUR MESSAGE. I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS AND THE PARTIES YOUR MESSAGE AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.